UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
WAYNE SPAULDING,

                Petitioner,

                **MEMORANDUM AND ORDER**

-against-

                04-CV-2965

RAYMOND J. CUNNINGHAM,
Superintendent,
                Respondent.
------------------------------------------------------X
DEARIE, District Judge.

      Petitioner pro se seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated in respondent's opposition papers and set forth below, the petition is untimely and is dismissed.

**Background**

      On May 30, 1995, petitioner entered Leroy Wilkenson's home without permission, brandishing a gun. Petitioner bound and gagged Wilkenson, threatened to kill him and robbed him of money and jewelry. Wilkenson recognized petitioner because several years earlier petitioner had done tiling work in Wilkenson's kitchen. Wilkenson identified petitioner from a single photograph taken after petitioner's arrest. Petitioner was convicted after a jury trial of first degree robbery and second degree unlawful imprisonment.

      On June 28, 1996, petitioner was sentenced to an indeterminate term of imprisonment of eight and one-third to twenty-five years for robbery and one year for unlawful imprisonment, to run concurrently. In October 1999, petitioner appealed. He argued that he was arrested without probable cause, the identification procedure was unduly suggestive, the evidence was insufficient and the sentence was excessive. On April 3, 2000, the conviction was affirmed. See People v.

Spaulding, 705 N.Y.S.2d 392 (N.Y. App. Div. 2000). Petitioner's request for leave to appeal to the New York Court of Appeals was denied on July 17, 2000. See People v. Spaulding, 714 N.Y.S.2d 9 (N.Y. 2000). Petitioner did not file a petition for a writ of certiorari to the Supreme Court.

On July 3, 2002, petitioner filed a motion for a writ of error coram nobis in the Appellate Division. He claimed that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for not informing petitioner of his right to be present at sidebar conferences during jury selection. On October 7, 2002, the motion was denied. People v. Spaulding, 751 N.Y.S.2d 404 (N.Y. App. Div. 2002). Leave to appeal was denied on January 30, 2003. People v. Spaulding, 755 N.Y.S.2d 721 (N.Y. 2003).

On November 12, 2002, petitioner moved in the Appellate Division to renew and reargue his application for a writ of error coram nobis based on information received on September 16, 2002 in response to Freedom of Information Act ("FOIL") requests that, according to petitioner, supported an additional claim of ineffective assistance of appellate counsel. Petitioner contended that had appellate counsel adequately reviewed the pre-trial hearing minutes, police reports, and trial transcripts, he would have raised a claim of ineffective assistance of trial counsel for counsel's failure to adequately address discrepancies between trial testimony and police reports with respect to whether the victim gave one of the investigating detectives petitioner's business card. Specifically, petitioner argued that trial counsel was ineffective for failing to recognize and argue that the prosecution elicited false testimony with respect to receipt of the business card, failing to request a missing witness charge with respect to the investigating detective who testified only at the pre-trial hearing about the business card, and failing to object to the

admission of hearsay testimony regarding the police investigation. Petitioner's motion was denied on February 19, 2003. He applied for leave to appeal the denial, and the application was dismissed by the Court of Appeals on April 11, 2003. His application for reconsideration was denied on May 22, 2003. On May 5, 2003, petitioner moved in the Appellate Division to reargue the denial of his motion to reargue. That application was denied on August 11, 2003.

On September 29, 2003, petitioner brought a motion pursuant to New York Criminal Procedure Law § 440 to vacate his conviction, raising the same ineffective assistance of trial counsel claims underlying his application to renew and reargue his motion for a writ of error coram nobis. On February 2, 2004, petitioner's motion was denied as procedurally barred. In the alternative, the court found the claims meritless, noting that the Appellate Division also had rejected petitioner's claims.

The instant petition is dated May 19, 2004 and was received by the Court on May 26, 2004. Petitioner largely raises the same ineffective assistance of appellate counsel claim he raised in state court. In addition, petitioner argues that the Appellate Division wrongly denied his request to submit a pro se supplemental brief on direct appeal that would have included claims that the indictment was defective and that the trial court failed to properly instruct the jury on each element of the offense.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, created a one-year statute of limitations period for filing a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Generally, the one year period runs from the date the challenged

3

state conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final upon the expiration of the 90 day period for seeking a writ of certiorari from the July 17, 2000 decision of the New York Court of Appeals denying leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Thus, the statute of limitations began to run in October of 2000. Absent tolling, the period expired in October of 2001, and the petition is untimely by over two and one-half years.

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted" against the limitations period. Petitioner's many post-conviction applications were all filed after the statute of limitations period expired in October 2001. As a result, none of them tolled the limitations period. See Smith v. McGinnis, 208 F.3d 13, 16-17 & n.2 (2d Cir. 2000) (time during which state applications are pending is excluded, but pending applications do not reset start of limitations period).

As respondent fully addresses, any argument that the one-year limitation period began to run later than October of 2001 because of petitioner's claims of newly discovered evidence in the FOIL documents fails. See 28 U.S.C. § 2244 (d)(1)(D) ("limitation period shall run from the latest of . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Specifically, petitioner contends that the FOIL documents contained newly discovered evidence that false testimony was elicited regarding an investigating detective's receipt of petitioner's business card, thereby supporting his claim that appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim. As respondent points out, the documents petitioner relies on existed in June of

4

1995, and petitioner offers no explanation for not requesting them before March 2002.

Courts may equitably toll the limitations period only in the "rare and exceptional circumstance." Smith, 208 F.3d at 17. To be entitled to equitable tolling, a petitioner must "show that extraordinary circumstances prevented him from filing his petition on time." Id. (citation omitted). Petitioner claims that his delay in filing was due to his lack of legal expertise, his pro se status, and his focus on filing state post-conviction motions. These do not constitute "extraordinary circumstances." See, e.g., id. at 18 (neither exhaustion of state remedies nor pro se status warrants equitable tolling).

In reply to respondent's opposition, petitioner asserts simply that "by his arguments [he] raises an issue of [a]ctual [i]nnocence." (Traverse at ¶ 6.) Whether "constitutional considerations require an actual innocence exception to the AEDPA's statute of limitations," Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003), remains an open question in the Second Circuit. See Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004). Petitioner has not presented a credible claim of actual innocence. Therefore, the Court need not address the issue. Id. Accordingly, the petition is dismissed as untimely.

## Conclusion

For the reasons stated above, the application for a writ of habeas corpus is denied, and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917 (1962). The Clerk of

the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 4, 2005

                                      RAYMOND J. DEARIE
                                      United States District Judge